25307. SOUTHERN FLOUR & GRAIN COMPANY *v.* FROW.

DECIDED JULY 9, 1936.

*William T. Thurman,* for plaintiff.
*L. C. Dotson, F. L. Breen,* for defendant.

MacINTYRE, J. The amended declaration in attachment filed by Southern Flour & Grain Company, a Georgia corporation, against Lloyd Frow, a resident of Maryville, Tennessee, avers that the defendant is indebted to the plaintiff in the sum of $404.79. By far the larger part of the sum claimed is based on the defendant's breach of contract in failing to deliver certain hay to the plaintiff in Atlanta, Georgia; but a small part of said sum is alleged to be due for commissions, as will appear from paragraph 3 of the original declaration, as follows: "That on or about March 15, 1935, petitioner sold for the defendant one car of alfalfa hay, said car being 9859, for which defendant agreed to pay to petitioner a commission of $1 per ton on 41,380 pounds of hay, said commissions amounting to $20.69." General and special demurrers were filed, but the only question for determination is whether or not the court erred in rendering the following judgment: "The general demurrer . . to plaintiff's declara-

tion as amended June 17, 1935, is sustained, and the amended declaration in attachment stricken. It is the opinion of the court' that the exhibits declared on by plaintiff as an offer and acceptance, together with the other allegations of the amended declaration, are insufficient in law to constitute a contract and sale. Special demurrers not passed on."

We agree with the court's opinion that the pleading fails to show a contract of purchase and sale between the parties, our conclusion being based principally on the following facts: The copy of the letter designated to show the offer has at the top of the page, "Lloyd Frow, Sec.-Treas.," preceded by the names of two other persons designated "Pres." and "Vice-Pres." respectively. Under said names appears the following: "Blount County Farm Bureau, Marysville, Tennessee," and the letter addressed to the plaintiff begins: "Our agent Mr. Vickers asked me to reply," etc., and is signed "Lloyd Frow, Sec.-Treas." The telegram designed to show acceptance of the offer is addressed to "Lloyd Frow, Sec., Blount County Farm Bureau, Maryville, Tenn.," and reads: "Book four cars timothy three cars clover offer fourteen soy bean your ninth mailed eleventh." As a whole, the other communications, copies of which are attached to the declaration as exhibits, tend to confirm our view that the plaintiff's pleadings fail to show the contract the breach of which is alleged to have caused the damages sought. We do not think that the averment in the amendment to the declaration that "it was mutually understood between petitioner and defendant that petitioner was dealing with defendant as an individual, and not in a representative capacity" can have the effect of changing the apparent meaning of the writings relied on to make the contract. To our minds the most reasonable conclusion is that, if there was a contract, it was between the plaintiff and "Blount County Farm Bureau," a corporation, and not between the plaintiff and the defendant. We are of the opinion, however, that though paragraph 3 of the declaration is general, meager, and subject to special demurrer, it constitutes a cause of action under the accredited test that the defendant can not admit its allegations and escape liability. It follows that the judge erred in sustaining the general demurrer and dismissing the declaration as amended.

*Judgment reversed. Broyles, C. J., and Guerry, J., concur.*